UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONYA BARNELL, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:12-CV-99 |
| ) | |
| v. ) | |
| ) | |
| LAGRANGE COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a Motion for Extension of Time for Discovery and Dispositive Motions (Docket # 22) filed by Plaintiff on January 7, 2013, seeking a sixty-day extension of the discovery and dispositive motions deadlines. On January 9, 2013, the District Judge denied Plaintiff's motion to the extent it sought an extension of the dispositive motions deadline (Docket # 23), and thus Plaintiff's plea to extend discovery is all that remains. For the following reasons, it too will be DENIED.

*A. Procedural Background*

Plaintiff filed this 42 U.S.C. § 1983 case against Defendants on March 28, 2012, alleging violations of the Eighth Amendment and various state law claims. (Docket # 1.) On May 24, 2012, this Court conducted a scheduling conference, setting a discovery deadline of January 15, 2013 (Docket # 17)—the date the parties agreed to in their Report of Parties' Planning Meeting (Docket # 13). On August 9, 2012, the District Judge set April 29, 2013, as the last date for the filing of all fully-briefed summary judgment packets; July 2, 2013, for a

1

final pretrial conference; and July 22, 2013, for the commencement of a three-day jury trial. (Docket # 21.) On January 7, 2013, eight days before the close of discovery, Plaintiff filed the instant motion seeking a sixty-day extension of the discovery deadline. (Docket # 22.)

### B. Legal Standard

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing FED. R. CIV. P. 16(b)); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

### C. Discussion

Here, Plaintiff filed his motion essentially on the eve of the close of the more than seven-month discovery period. In seeking the extension, Plaintiff merely states that his counsel "has been heavily engaged in other litigation" and that "[t]hese matters have prevented counsel from conducting discovery in the case at bar." (Pl.'s Mot. ¶ 2.)

But a counsel's busy trial schedule has been determined to fall short of establishing good cause. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030-31 (7th Cir. 1998) (denying a request for extension of time premised upon counsel's busy trial schedule,

stating that "a good judge sets deadlines, and the judge has a right to assume that deadlines will be honored"); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1997); *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996); *see also Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997) (explaining that "the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action" (citation omitted)).

As explained earlier, the good cause requirement of Rule 16(b) focuses on the diligence of the party seeking the modification. *Smith*, 1997 WL 662506, at *2. Plaintiff has failed to show why, despite his diligence, he was unable to conduct *any* discovery, much less complete it, within the seven months the parties allotted to themselves for the task. *See Tschantz*, 160 F.R.D. at 571 (explaining that a party must show that, despite his diligence, the time table could not have reasonably been met).

Accordingly, because Plaintiff has failed to proffer a sufficient basis for a finding of good cause, his request for an extension to the discovery period will be DENIED.

*D. Conclusion*

For the forgoing reasons, to the extent Plaintiff seeks an extension of the discovery period in his Motion for Extension of Time for Discovery and Dispositive Motions (Docket # 22), it is DENIED.

SO ORDERED.

Entered this 11th day of January, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge